**M. E. O'BRIEN, Appellant,**

v.

**UNITED HOME LIFE INSURANCE COMPANY OF INDIANAPOLIS, INDIANA, an Indiana corporation, Appellee.**

**No. 13186.**

United States Court of Appeals
Sixth Circuit.
Jan. 2, 1958.

Isaac M. Smullin, Detroit, Mich., O'Brien & Nertney and Stanford M. Rubach, Detroit, Mich., on brief for appellant.

David Barnett, Detroit, Mich., George Hogg, Jr. (of Fischer, Sprague, Franklin & Ford), Detroit, Mich., James K. Northam (of Myers, Northam & Myers), Indianapolis, Ind., on brief, for appellee.

Before ALLEN, McALLISTER and STEWART, Circuit Judges.

## PER CURIAM.

Appellant brought an action for specific performance of a contract to require appellee company to transfer to him 1,960 shares of its stock, plus cash and stock dividends, in consideration of the payment by appellant to appellee company of $5.00 per share for such stock. Appellant claimed that his contract with appellee was an agreement in which the company sold him the stock in question. The district court held that appellant had never agreed to purchase the stock; that the agreement constituted, not a contract on the one hand to sell, and on the other, to buy, but that it was only an option to purchase stock, which did not obligate appellant to purchase. The court further held that, because of the conditions in the agreement, appellant failed to establish a cause of action and, accordingly, dismissed the complaint.

In its findings of fact and conclusions of law, the district court found that the parties had entered into two contracts— one a contract of agency employment, and another agreement in which the company had agreed to sell its stock to appellant at $5.00 per share, subject to certain conditions, one of which was that appellant would hold such stock for three years following receipt thereof, or that if he desired to sell it within that period, he would resell it to appellee for $5.00 per share. The court further found that the company agreed that appellant could sell 300 shares of such stock within the three-year period at the current market value as of the date of sale, and that appellant had purchased only 40 shares of the company stock at $5.00 per share and had resold such shares on the open market.

It further appeared that, among the conditions of the contract with respect to the stock, it was agreed that if the contract of agency employment executed between the parties should be terminated within three years from date thereof, appellant would immediately, upon such termination, sell to appellee company all the shares of stock received by him pursuant to the contract, less those which he had sold in accordance with its terms, provided that in the event of appellant's death, all such stock which appellant was privileged to purchase should belong to his estate and should be delivered to his executor upon full payment of the stipulated price of $5.00 per share.

The district court concluded that the contract of agency employment was terminated by mutual agreement within the three-year period; that, prior to its termination, appellant had never asked for issuance to himself of any stock in addition to the 40 shares above mentioned; and that he had never tendered any payment for it.

In its conclusions of law, the district court held that appellant would gain absolute right to the stock in question only if he remained three years in the employ of the company, or unless his failure to continue such employment was caused by his death, and that, since the employment was terminated within three years, appellant's right to the stock and his right to demand specific performance was thereby extinguished. While holding that the contract with respect to the stock was only an option to purchase, which was never exercised by appellant, the court also held that even if appellant was entitled to delivery of the stock upon payment of $5.00 per share, nevertheless, under the contract, he would be obliged to resell it at the same price to the company, since his employment had terminated within the specified three-year period, and, further, that the appellant could have no greater right to the stock after

he quit the company than he had in the period during which he was employed.

In dismissing the complaint, Judge Picard filed a comprehensive opinion which comprised his findings of fact and conclusions of law. The findings of fact are not clearly erroneous; rather they are supported by the evidence; and we find no error in the conclusions of law.

In accordance with the foregoing, the judgment of the district court is affirmed for the reasons set forth in the opinion of Judge Picard. O'Brien v. United Home Life Insurance Co., 6 Cir., 147 F.Supp. 763